UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| VOLVO TRADEMARK HOLDING AB and VOLVO CARS OF NORTH AMERICA, LLC | ) ) ) | Civil No. _____ |
| *Plaintiffs*, | ) ) ) | |
| vs. | ) ) | |
| WOLFE AUTOMOTIVE INC., and BRAD W. WOLFE, | ) ) ) | |
| *Defendants*. | ) ) | |


COMPLAINT FOR TRADEMARK INFRINGEMENT,
DILUTION, AND RELATED CLAIMS

Plaintiffs Volvo Trademark Holding AB ("Volvo Holding") and Volvo Cars of North America, LLC ("Volvo Cars") (collectively, "Volvo"), by their attorneys Honigman Miller Schwartz and Cohn LLP and Royer Cooper Cohen Braunfeld LLC, for their Complaint against Defendants Wolfe Automotive Inc. ("Wolfe Automotive") and Brad W. Wolfe ("Wolfe"), allege as follows:

**PARTIES**

1.      Plaintiff Volvo Holding (which can be contacted c/o AB Volvo, SE-405 05 Göteborg, Sweden), is a Swedish corporation, and the owner of the asserted trademarks.

2..      Plaintiff Volvo Cars is a Delaware limited liability company. Volvo Holding licenses to the Swedish parent of Volvo Cars (who in turn sublicenses Volvo Cars) the trademarks at issue in this matter with respect to various automotive-related goods and services

1

in the United States.  Plaintiff Volvo Cars is the North American operating entity for the North American passenger vehicle business.

3.      Defendant Wolfe Automotive is a Pennsylvania limited liability company with its principal place of business located at 544 Lancaster Avenue, Malvern PA. **Ex A** (PA Department of State Records).

4.      Defendant Wolfe is an individual residing, on information and belief, in this District. Wolfe publicly identifies himself as the President and Owner of Wolfe Automotive. *See id*.; *see also* **Ex B** (excerpt of Defendants' website at http://wolfevolvo.com).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 15 U.S.C. §1121(a), 28 U.S.C. §1331, and 28 U.S.C. §1338 in that this case arises under the Trademark Law of the United States, 15 U.S.C. §§1051, *et. seq*.  Jurisdiction over the related state-law claims exists under 28 U.S.C. §1367.

6.      Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §1391(b) because Defendants are located in this District, and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

### Volvo and its Asserted Trademarks

7.      Volvo Holding is the owner of, among other marks, the famous VOLVO trademark, Volvo Iron Mark (shown below left), and Volvo Logo (shown below right), which are used and registered around the world in connection with a variety of automotive-related products and services, among other things.



8.      Volvo Holding's U.S. trademark registrations and applications for the Volvo Trademarks include U.S. Reg. Nos. 636,128 (Volvo Iron Mark for automobiles and parts); 636,129 (VOLVO for automobiles and parts); 974,197 (VOLVO Logo for automotive repair services); 1,220,779 (VOLVO Logo for vehicles and various parts); 3,207,372 (VOLVO for vehicles and repair services, and a wide range of goods/services in classes 1-9, 11, 12, 14, 16, 17, 18, 20-22, 24-28, 33-45); 2,869,943 (VOLVO for various vehicle parts); App. No. 85/088,375 (VOLVO Iron Mark in black/white for vehicles and vehicle repair services, and a wide range of goods/services in classes 1, 3, 4, 6, 7, 11, 12, 14, 16, 18, 25, 28, 35, 36, 37, 39, 41, and 42); (*see* **Ex C**), among others.  Volvo Holding's registered marks listed above are all incontestable and are prima facie evidence of the validity of Volvo Holding's rights in the marks. Collectively, Volvo will refer to its registered and common law trademarks and trade names as the "Volvo Trademarks." As a result of the extensive use, registration and promotion of the Volvo Trademarks, these marks have become extremely well-known, famous, and represent considerable goodwill to Volvo. The Volvo Trademarks were famous prior to any infringing acts of Defendants.

9.      Volvo Holding licenses the Volvo Trademarks to, among others, Volvo Car Corporation, the Swedish parent of Plaintiff Volvo Cars, and Volvo Car Corporation in turn sublicenses the Volvo Trademarks to Plaintiff Volvo Cars.  Plaintiff Volvo Cars is responsible

3

for the sale and distribution of VOLVO automobiles throughout North America through a network of licensed Volvo Car dealerships.  In addition to selling VOLVO brand vehicles, the Volvo Car dealerships offer vehicle repair services throughout the United States.   These dealerships frequently use the surname of their owner in connection with the VOLVO trademark to identify their dealership name. For example, the following names are used by licensed Volvo Car dealerships:  Lovering Volvo (Nashua, NH); McKevitt Volvo (San Leandro, CA), Fields Volvo (Waukesha, WI); Ferman Volvo (Tarpon Springs, FL); Wynn Volvo (Norristown, PA) Stillman Volvo (West Chester, PA); and Burdumy Volvo (Huntingdon Valley, PA). As a result, customers are accustomed to seeing authorized Volvo Car dealers using a surname plus the VOLVO trademark in connection with their business.

**Defendant's Unauthorized Use of  Volvo Trademarks In Connection With the Same Types of Goods and Services Offered by Volvo**

10.     Wolfe Automotive is an automotive repair center that promotes itself as "the best value in Service and Maintenance of Volvo brand cars and SUV's in the market." **Ex B** (WolfeVolvo.com website).

11.     Wolfe Automotive uses the Volvo Trademarks, as well as confusingly similar VOLVO-formative or suggestive marks, in commerce, including as follows:

    a.     In its signage and on its building facades, **Ex D**;

4





b.      In its internet domain name <WolfeVolvo.com> as the location of its commercial website, **Ex B**, as well as the domain names <WolfeVovo.com>, <WolfVolvo.com>, and <WolfVovo.com> (collectively, the "Wolfe Domain Names"), **Ex E**, which redirect to the main site;

b.     In such expressions as "Volvo Service & Sales" on its outdoor signage, **Ex D**, its website, **Ex B**, and its Facebook page, located at https://www.facebook.com/WolfeVolvo , **Ex F**;

c.     By combining the VOLVO mark in a stylized form with the flag of Sweden (the country in which Volvo historically originated and where it is still headquartered), on outdoor signage, on the WolfeVolvo.com website, on Wolfe's Facebook page, and on Wolfe's business cards (**Ex G**);





> d.    Through numerous misleading statements that imply that Wolfe is affiliated with Volvo, such as "Volvo Specialist," "Volvo Service," "a Volvo repair specialty shop," "Personalized attention by Volvo professionals" and "Master Certified Volvo Technician." *See* **Exs B-G;**



e.      Through several misuses of the VOLVO trademark, where that mark is used as a noun, rather than an adjective, and is pluralized (*e.g.* "focused on offering well-maintained Volvos.");

f.      By mobile/digital advertisements prominently displaying VOLVO in a manner implying affiliation, as shown in this screen shot from a mobile device:



g.      By prominently displaying the VOLVO Iron Mark as the "Cover Photo" on Wolfe Automotive's Facebook page:

8



Volvo will refer to these acts of infringement collectively as the "Infringing Marks."

12.     These uses, both individually and collectively, are likely to cause confusion, mistake, and/or deception as to the relationship of Volvo and Wolfe Automotive.  Customers may mistakenly assume that Wolfe Automotive is an authorized repair shop, or that Volvo has somehow approved its services, when that is not the case.  Further, the Infringing Marks are likely to dilute the distinctive nature of the Volvo Trademarks through blurring and/or tarnishment.  As a result of Defendants' use of the Infringing Marks, Volvo has suffered harm.

**Volvo's Attempt to Resolve the Matter Without Litigation And**
**Defendants' Inadequate Responses**

13.     On June 23, 2014, Volvo sent a letter to Wolfe detailing Wolfe Automotive's various acts of infringement, and insisting on immediate corrective action. *See* **Ex H**.

14.     Despite repeated contacts from Volvo's counsel, Defendants took nearly two months to substantively respond, and even then did little to remedy the problem. *See* **Ex I**. Through counsel, Wolfe Automotive purported to make minor changes to its practices, including removal of copyrighted, advertising-style images of VOLVO vehicles owned by Volvo Cars,

changing "Wolfe Automotive Inc., Volvo Specialist" to "Wolfe Automotive Inc. Independent Volvo Service and Sales Specialist," and qualifying statements about Wolfe being a "Master Certified Volvo Technician." Otherwise, however, Wolfe Automotive (erroneously) insisted that its prominent use of Volvo Trademarks and nearly identical derivations thereof was protectable fair use. Defendants' infringements appear to be ongoing, and subsequent conversations with Defendants' counsel have proven unfruitful.

15. The information provided by Wolfe Automotive to the Pennsylvania Secretary of State and through Wolfe Automotive's website makes clear that Wolfe is the chief executive and (apparently sole) owner of Wolfe Automotive, which has relatively few employees and only one location. Moreover, each of the Wolfe Domain Names are registered in Wolfe's personal name, and he distributes the business card attached as **Ex G**. Therefore, upon information and belief, Wolfe has done more relative to the subject matter of this lawsuit than merely control Wolfe Automotive's corporate affairs; he is the central figure and moving force behind Wolfe Automotive, and has personally taken part in infringing activities and/or directed employees to do so. As such, he is personally liable for the causes of action alleged in this complaint.

**Defendants' Continued Infringement of the Volvo Marks**
**Is Inflicting Irreparable Harm on Volvo**

16. Defendants are not an authorized Volvo Car dealer or repair shop, nor are they otherwise authorized to use the Volvo Trademarks (or confusingly similar variations thereof) in connection with their business or in any manner that is likely to express or imply to the purchasing public that they have been authorized by or are affiliated with or sponsored by Volvo.

17.     Defendants' use, both individually and collectively, of the Infringing Marks in connection with automotive repair and maintenance services is likely to cause confusion, mistake, or deception of purchasers regarding the source or origin of Defendants' services.

18.     Defendants' use, both individually and collectively, of the Infringing Marks in connection with Defendants' automotive repair and maintenance services is likely to dilute the distinctive nature of the Volvo Trademarks and the exclusive rights Volvo enjoys.

19.     Defendants' infringement has been willful and deliberate, designed specifically to trade on the goodwill associated with the Volvo Trademarks.  As stated above, Defendants have declined to cease the complained-of activities despite Volvo's numerous requests.

20.     Defendant Wolfe's registration and use of the Wolfe Domain Names featuring the well-known and famous VOLVO trademark (and misspellings thereof, clearly calculated to drive traffic to its website) were in bad faith.  Defendant Wolfe has no legitimate non-infringing interest in the Wolfe Domain Names.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§1114

21.     The allegations of the foregoing paragraphs are incorporated herein by reference.

22.     Despite Volvo Holding's well-known prior rights, Defendants have used and continue to use in commerce without the consent of Volvo Holding, one or more Volvo Trademarks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' automotive repair and maintenance services. Such use is likely to cause confusion, mistake, or deception among consumers.

11

23.     Defendants' actions constitute willful infringement of Volvo Holding's exclusive rights in one or more Volvo Trademarks in violation of 15 U.S.C. §§1114.

24.     Defendants' use of the Volvo Trademarks and counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' automotive repair and maintenance services.

25.     Because Defendants knowingly and intentionally used counterfeits, copies, reproductions, or colorable imitations of the Volvo Trademarks in connection with its products and services, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

26.     As a direct and proximate result of Defendants' conduct, Volvo Holding has suffered irreparable harm to the valuable Volvo Trademarks and its reputation in the industry, and other damages in an amount to be proved at trial. Unless Defendants are restrained from further infringement of the Volvo Trademarks, Volvo Holding will continue to be irreparably harmed.

27. Volvo Holding has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## COUNT II
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. §1125

28. The allegations of the foregoing paragraphs are incorporated herein by reference.

29. Defendants have knowingly used and continue to use in commerce one or more Volvo Trademarks or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the goods and services that the Defendants offer, advertise, promote, and sell.

30. Defendants' use of the Infringing Marks as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants and Volvo and/or Defendants' automotive repair and maintenance services and Volvo's products and services, and is likely to cause such people to believe in error that Defendants' automotive repair and maintenance services have been authorized, sponsored, approved, endorsed, or licensed by Volvo or that Defendants are in some way affiliated with Volvo.

31. Defendants' actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

32. Defendants' acts constitute false and misleading descriptions of fact, false advertising, and false designations of the origin and/or sponsorship of Defendants' automotive repair and maintenance services, and constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

33. By reason of Defendants' actions, Volvo has suffered irreparable harm to its valuable Volvo Trademarks.  Unless Defendants are restrained from their actions, Volvo will continue to be irreparably harmed.

34. Volvo has no remedy at law that will compensate it for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

35. As a direct and proximate result of Defendants' conduct, Volvo has suffered damages to the valuable Volvo Trademarks, and other damages in an amount to be proved at trial.

13

## COUNT III
### CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)(1)(A)

36. The allegations of the foregoing paragraphs are incorporated herein by reference.

37. The Volvo Trademarks are distinctive and were distinctive at the time that Defendant Wolfe registered the Wolfe Domain Names.  Despite knowledge of that distinctiveness, Defendant Wolfe registered and Defendants use the Wolfe Domain Names in connection with the Defendants' automotive repair and maintenance services.  The Wolfe Domain Names are likely to cause confusion with and dilution of the famous Volvo Trademarks.

38. Defendants' use and registration of the Wolfe Domain Names was and is in bad faith, as that term is defined by 15 U.S.C. § 1125(d)(1)(B)(i).

39. Volvo has been irreparably harmed by Defendants' use and registration of the Wolfe Domain Names, and will continue to suffer irreparable harm if Defendants' acts are allowed to continue.  Volvo has no adequate remedy at law.

## COUNT IV
### TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c)
### AND COMMON LAW TRADEMARK DILUTION

40. The allegations of the foregoing Paragraphs are incorporated herein by reference.

41. One or more of the Volvo Trademarks have become famous and distinctive in the United States and worldwide through the extensive, continuous and exclusive use of them in connection with Volvo's products and services. These marks were famous prior to any use of these marks or confusingly similar marks by Defendants.

42. Despite knowledge of Volvo's famous trademarks, Defendants used and continue to use in commerce spurious and colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendants' automotive repair and maintenance services.

14

43. Defendants' actions as described herein have caused and continue to cause irreparable injury to, and a likelihood of dilution of, the distinctive quality of the famous Volvo Trademarks in violation of Volvo's rights under 15 U.S.C. §1125(c) and common law. Defendants' wrongful use of Volvo's famous trademarks is likely to dilute the distinctive nature of those marks.

44. Defendants have used and continue to use in commerce the Volvo Trademarks and/or closely similar marks willfully and with the intent to dilute the marks, and with the intent to trade on the reputation and good will of Volvo and the Volvo Trademarks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

45. As a direct and proximate result of Defendants' conduct, Volvo has suffered irreparable harm to the valuable Volvo Trademarks, and other damages in an amount to be proved at trial. Unless Defendants are enjoined, the valuable Volvo Trademarks will continue to be irreparably harmed and will continue to suffer a likelihood of dilution.

46. Volvo has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

## COUNT V
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND MISAPPROPRIATION UNDER STATE LAW

47. The allegations of the foregoing Paragraphs are incorporated herein by reference.

48. Defendants' use of the Infringing Marks constitutes trademark infringement, unfair competition, and misappropriation of Volvo's goodwill under relevant statutory and/or common law of all jurisdictions whose law is found to apply, including but not limited to 54 Pa. Cons. Stat. Ann. § 1123, by reason of which Volvo has suffered, and will continue to suffer, irreparable injury.

49. The actions, conduct, and practices of Defendants described above have at all times relevant to this action been willful, in bad faith and/or knowing.

## DEMAND FOR RELIEF

WHEREFORE, Volvo respectfully requests entry of a judgment granting relief against the Defendants as follows:

A.     A determination that Defendants willfully and deliberately violated 15 U.S.C. §1114, that Volvo has been damaged by such violation, and that the Defendants are liable to Volvo for such violation;

B.     A determination that Defendants willfully violated 15 U.S.C. §§1125(a), (c), and (d)(1)(A)-(B), that Volvo has been damaged by such violations, and that Defendants are liable to Volvo for such violations;

C.     A determination that the Defendants committed common law trademark infringement, that Volvo has been damaged by such infringement, and that Defendants are liable to Volvo for common law trademark infringement;

D.     A determination that this case is "exceptional" in the sense of 15 U.S.C. §1117(a);

E.     Under all claims for relief, that an injunction be permanently issued enjoining Defendants and their officers, employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

> (1)     imitating, copying, or making any unauthorized use of the Volvo Trademarks, or marks likely to cause confusion with them, including but not limited to the Infringing Marks;

> (2)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using

any simulation, reproduction, counterfeit, copy, or colorable imitation of the Volvo Trademarks, including but not limited to the Infringing Marks;

(3)      using any simulation, reproduction, counterfeit, copy or colorable imitation of the Volvo Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service, including but not limited to the Infringing Marks;

(4)      using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the Volvo Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Volvo or the Volvo Trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by Volvo; and

(5)      all of the above with the exception of nominative fair use (limited to truthful and accurate textual statements) of the Volvo Trademarks.

F.      An Order directing that Defendants deliver for destruction all products, promotional and advertising materials, business cards, labels, tags, signs, prints, packages, videos or other materials in its possession or under its control, bearing or using unauthorized versions of the Volvo Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof (including but not limited to the Infringing Marks), and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

G.      An Order directing the transfer of the Wolfe Domain Names to Volvo or its designee;

H.      An Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Volvo or related in any way to Volvo's products and services;

17

I.      An Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Volvo's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

J.      An Order permitting Volvo, and/or auditors of Volvo, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Volvo's intellectual property, including all manufacturing, distribution, and sales of products and services bearing the Volvo Trademarks or marks likely to cause confusion or dilution with them, as well as the Defendants' compliance with the orders of this Court;

K.      An award of Volvo's costs and disbursements incurred in this action, including Volvo's reasonable attorney's fees;

L.      An award of Volvo's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Volvo's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

M.      An award to Volvo of its costs incurred in this action, including an award of reasonable attorney fees under 17 U.S.C. § 1114;

N.      An award of Volvo's damages arising out of Defendants' acts;

O.      An Order requiring Defendants to file with the Court and provide to Volvo an accounting of all sales and profits realized by Defendants through the use of the Volvo Trademarks and any confusingly similar marks or counterfeits, copies, reproductions or colorable imitations thereof (including but not limited to the Infringing Marks);

P.      An award of interest, including pre-judgment interest on the foregoing sums; and

Q.      Such other and further relief as the Court may deem just and appropriate.


Dated: February 2, 2015                          Respectfully submitted,

                                                 ROYER COOPER COHEN BRAUNFELD LLC


                                                 By: _____
                                                 Barry L. Cohen
                                                 Sean S. Litz
                                                 101 W. Elm Street, Ste. 220
                                                 Conshohocken, PA 19428
                                                 (484) 362-2628
                                                 bcohen@rccblaw.com
                                                 slitz@rccblaw.com

                                                 and

                                                 HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                                 Anessa Owen Kramer*
                                                 Brian D. Wassom*
                                                 39400 Woodward Ave., Suite 101
                                                 Bloomfield Hills, MI 48304-5151
                                                 (248) 566-8490
                                                 akramer@honigman.com
                                                 bdw@honigman.com

                                                 *Attorneys for Plaintiffs Volvo Trademark
                                                 Holding AB and Volvo Cars of North America,
                                                 LLC*

*Not admitted in E.D.PA; *pro hac vice* applications to be filed.